UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LISA MAHONEY,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | No. 1:17-cv-03106-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

  Before the Court are Plaintiff Lisa Mahoney's Motion for Summary Judgment, ECF No. 10, and Defendant Commissioner of the Social Security Administration's Cross-Motion for Summary Judgment, ECF No. 11. The motions were heard without oral argument. Plaintiff is represented by D. James Tree, and Defendant is represented by Assistant United States Attorney Timothy Durkin and Special Assistant United States Attorney Joseph Langkamer. For the reasons set forth below, the Court **grants** Plaintiff's motion, **denies** Defendant's motion, **reverses** the administrative law judge ("ALJ"), and **remands** for a determination of Social Security payments with an onset date of February 18, 2012.

### Jurisdiction

  On September 20, 2013, Plaintiff filed an application for supplemental security income disability insurance benefits after having a prior denial in February 2012. Plaintiff alleges an onset date of February 18, 2012.

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** + 1

Plaintiff's application was denied initially and on reconsideration. On August 21, 2015, Plaintiff appeared and testified at a hearing held in Yakima, Washington before an ALJ. The ALJ issued a decision on November 4, 2015, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied the request on April 5, 2017. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on June 8, 2017. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Id.*; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 416.971. If he is not, the ALJ proceeds to step two.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** + 2

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least twelve months and must be proven through objective medical evidence. 20 C.F.R. § 416.908-.909. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering step four, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 416.920(e). An individual's residual functional capacity is his ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. § 416.920(f). If the claimant is able to perform her previous work, she is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience? 20 C.F.R. § 416.920(g).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id.* At step five, the burden shifts to the Commissioner to show that the claimant can perform other

substantial gainful activity. *Id.*

**Standard of Review**

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

**Statement of Facts**

The facts have been presented in the administrative record ("AR"), the ALJ's decision, and the briefs to this Court; only the most relevant facts are summarized here. At the time of the hearing, Plaintiff was thirty-nine years old. She has a high school degree and has previously worked as a waitress, receptionist, office assistant, cashier, and nursing assistant. She lives with her three children and

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** + 4

requires help from her mother and boyfriend to care for them. Plaintiff also requires assistance with grocery shopping, cooking, and housework.

Plaintiff has been diagnosed with Sjögren's syndrome ("Sjögren's"), an autoimmune disease. Sjögren's involves the lacrimal and salivary glands resulting in dry eyes and dry mouth and can also result in corneal damage, eyelid inflammation, difficulty in swallowing, dental caries, inability to speak for extended periods, and persistent dry cough. 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. A2. Sjögren's frequently involves other organ systems including musculoskeletal, respiratory, gastrointestinal, genitourinary, skin, neurologic, mental, and neoplastic. *Id.* A person with Sjögren's often experiences severe fatigue and malaise and may suffer from other autoimmune disorders. *Id.* Plaintiff's symptoms include significant dryness, difficulty swallowing, coughing, fatigue, synovitis, thickened PIP joints, joint pain, and abnormal liver function. She also has been losing her hair and teeth. In addition to hypersomnia, Dr. Lincoln Westfall, D.O., found a sleep latency of one minute, which is consistent with narcolepsy. Plaintiff also has severe Gastroesophageal Reflux Disease ("GERD") and asthma. She has had bronchitis on multiple occasions.  Plaintiff also suffers from anxiety making it difficult to leave her house and see a counselor. She also has lupus.

## The ALJ's Findings

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since September 20, 2013. AR 24.

At step two, the ALJ found Plaintiff has the following severe impairments: anxiety disorder; Sjögren's syndrome; gastroesophageal reflux disease ("GERD"); asthma, and narcolepsy. AR 24.

At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal any Listing. AR. 25.

The ALJ concluded that Plaintiff has the residual functional capacity to perform:

> [L]ight work as defined in 20 CF 416.967(b) with the following additional limitations: the claimant can lift or carry 20 pound occasionally and 10 pounds frequently. She can, with normal breaks, stand or walk for 6 hours in an 8 hour workday and sit for 6 hours in an 8 hour workday. She can have occasional exposure to extreme cold or atmospheric conditions. She should avoid operation of heavy equipment. The claimant can have infrequent superficial interaction with the general public, and occasional interaction with coworkers or supervisors. Work tasks should be such that they can be completed without assistance but the claimant could tolerate occasional assistance.

AR. 27. At step four, the ALJ found that Plaintiff is incapable of performing any past relevant work. AR 30.

At step five, the ALJ found Plaintiff was not disabled on the basis that she could perform other work which exists in significant numbers in the national economy, including positions such as production assembler, packing line worker, and cleaner, housekeeping. AR 31. If Plaintiff could only perform sedentary work, she would be able to perform the work requirements of document preparer, escort vehicle driver, and assembler. AR 31-32.

**Issues for Review**

1. Did the ALJ reversibly err by failing to properly assess whether Plaintiff met or equaled Listing 14.10?

2. Did the ALJ reversibly err by failing to properly assess the opinion evidence?

3. Did the ALJ reversibly err by discrediting Plaintiff without specific, clear, and convincing reasons to do so?

**Discussion**

1. Did the ALJ reversibly err by failing to properly assess whether Plaintiff met or equaled Listing 14.10?

Step three of the sequential evaluation process requires the ALJ to determine whether Plaintiff's impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant is

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** + 6

conclusively disabled if she meets or equals one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. § 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. To meet a listed impairment, a disability claimant must establish that her condition satisfies each element of the listed impairment in question. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *Tackett*, 180 F.3d at 1099. To equal a listed impairment, a claimant must establish symptoms, signs, and laboratory findings at least equal in severity and duration to each element of the most similar listed impairment. *Tackett*, 180 F.3d at 1099-1100 (quoting 20 C.F.R. § 404.1526). "An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

> A claimant meets Listing 14.10:
> 
> With involvement of two or more organs/body systems, and with:
> 
> 1. One of the organs/body systems involved to at least a moderate level of severity; and
> 
> 2. At least two of the constitutional symptoms and signs (severe fatigue, fever, malaise, or involuntary weight loss).
> 
> or
> 
> B. Repeated manifestations of Sjögren's syndrome, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:
> 
> 1. Limitation on activities of daily living.
> 
> 2. Limitation in maintaining social functioning.
> 
> 3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** + 7

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 14.10.

The ALJ concluded that Plaintiff did not meet the listing of 14.10(A), but did not expressly analyze whether she met the listing of 14.10(B). The ALJ ultimately found that:

> [C]laimant's symptoms do not meet or medically equal the listing, as the evidence does not show the involvement of two or more organs/body systems with one of the organs/body systems involved to a[t] least a moderate level of severity with at least two constitutional symptoms or signs, including severe fatigue, fever, malaise, or involuntary weight loss.

AR 24. Plaintiff argues that the ALJ erred by giving no meaningful assessment of whether Plaintiff met or equaled this listing. The Court agrees. The ALJ's use of boilerplate language gives the Court no indication that the ALJ properly evaluated the evidence of Plaintiff's Sjögren's. Indeed, the ALJ did not discuss whether Plaintiff met or equaled the listing of 14.10(B). The ALJ's failure to properly consider the evidence constitutes reversible error.

Moreover, the record demonstrates that Plaintiff satisfied her burden of showing that she meets Listing 14.10(A). First, Plaintiff's Sjögren's involves two or more organs and/or body systems, including her hair, teeth, skin, thyroid, joints, and liver.

Second, at least one of the aforementioned organs/body systems is of moderate severity. Plaintiff has lost much of her hair and several teeth as a result of her Sjögren's. She has had liver irregularities and thyroid dysfunction and has frequent rashes. Her rashes became so severe she chose to treat them before addressing the underlying disease.

Third, Plaintiff also exhibits at least two of the constitutional symptoms or signs. Plaintiff experiences severe fatigue and has had a sleep latency as little as one minute. She falls asleep without realizing she has done so approximately four

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** + 8

times a day. The ALJ found that narcolepsy was a severe impairment. Plaintiff further testified that she feels tired all of the time, which makes it difficult for her to complete tasks. This is reflected in treatment notes. Further, the record reflects that Plaintiff experiences malaise.[1] Throughout treatment, Plaintiff uniformly complained of pain and bodily discomfort; before, during, and after exercise. She was treated for depression and has severe anxiety; she does not wish to leave the house. Plaintiff also had recurrent upper respiratory tract infections, dry mouth, and frequent cough which has caused her to vomit. She also complained of severe joint and back pain that affects the activities of her daily living; she is unable to shop for groceries or cook and requires assistance with housework. When she does perform housework, she requires several breaks. Additionally, the record indicates involuntary weight loss; Plaintiff lost thirty pounds in a four-month timespan, as noted by her physician. Accordingly, Plaintiff has met her burden of demonstrating that she meets Listing 14.10(A) and the ALJ erred in failing to consider all of the evidence and finding otherwise.

Because Plaintiff meets the Listing of 14.10(A), she is conclusively presumed disabled and the proper remedy is to remand for an immediate award of benefits. The record is fully developed and further proceedings "would serve no useful purpose." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

//
//
//
//
//
//
//

---

[1] Malaise means "frequent feelings of illness, bodily discomfort, or lack of well-being that result in significantly reduced physical activity or mental function." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 14.00.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** + 9

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 10, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 11, is **DENIED**.

3. The decision of the Commissioner denying benefits is **reversed** and **remanded** for an award of benefits, with a disability onset date of February 18, 2012.

4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, enter judgment, and close the file.

**DATED** this 8th day of February 2018.



_____
Stanley A. Bastian
United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** + 10